Maurice Goff appeals from a June 9, 1998 order of the juvenile court which approved the magistrate's decision committing the child who had previously been adjudicated a delinquent to the Ohio Department of Youth Services. Goff asserts on appeal that the court denied him his right to counsel, that he did not knowingly, intelligently and voluntarily admit the allegations, that the adjudication of delinquency has not been signed by a judge nor journalized, and that the court should have conducted a competency hearing in this case. The State of Ohio has conceded that Goff did not have counsel at the juvenile court hearing, does not challenge the remaining assignments of error, and asserts that the delinquency finding should be reversed and the matter remanded for further proceedings. After carefully considering Goff's claims, we agree and reverse the decision of the juvenile court and remand the matter to the Juvenile Court for further proceedings.
The history of this case reveals that on October 14, 1997, the State of Ohio filed a complaint against Goff alleging conduct, which if committed by an adult would have constituted burglary in connection with his role in stealing a bicycle.
The record reveals that a juvenile court magistrate adjudicated this case on April 22, 1998, but no transcript of the proceedings is contained in our record on this appeal. In a supplemental journal entry dated April 22, 1998, which appears sequentially in the docket after the court's entry of June 9, 1998, the magistrate found Goff had waived counsel, admitted the violation, and recommended the child be adjudged delinquent. However, no juvenile court judge ever approved or adopted that recommendation. On June 9, 1998, the court journalized an order reciting that Goff had previously been adjudged delinquent and committed him to Ohio Department of Youth Services. This entry is silent as to Goff's representation by counsel. Goff now appeals from that order and assigns four errors for our review.
 I. MAURICE GOFF WAS DENIED HIS RIGHT TO COUNSEL IN VIOLATION OF JUV. R. 4 AND 29, R.C. 2151.352, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED BY ACCEPTING AN ADMISSION WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY IN VIOLATION OF JUV. R. 29, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT ERRED BY COMMITTING MAURICE GOFF TO THE DEPARTMENT OF YOUTH SERVICES ON THE BASIS OF AN UNRECORDED, UN-JOURNALIZED PURPORTED ADJUDICATION OF DELINQUENCY, IN VIOLATION OF R.C. 2151.355 AND JUV. R. 40 (E) (4) (A).
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT CONDUCTING A COMPETENCY HEARING ON MAURICE GOFF, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.
Regarding the right to counsel claim, we recognize that R.C.2151.352 states, in part:
 A child * * * is entitled to representation by legal counsel at all stages of the proceedings * * *. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person.
Further, Juv.R. 4 (A) states, in part:
 Every person shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * *
Moreover In re Agler (1969), 19 Ohio St.2d 70, the Supreme Court held in the first paragraph of its syllabus:
 In order to sustain commitment of a juvenile offender to a state institution in a delinquency proceeding, where such commitment will deprive the child of his liberty, the alleged delinquent must have been afforded representation by counsel, appointed at state expense in case of indigency.
In this case, the record of the juvenile court proceedings does not demonstrate that Goff waived his right to counsel. Juv.R. 37 (A) state:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
Our examination of the record here reveals no record exists of the adjudicatory hearing except for the supplemental report dated April 22, 1998. Without a record, we cannot determine if Goff affirmatively waived his right to counsel.
Here, however, the State of Ohio has conceded Goff's position and does not challenge any of his assignments of error. In conformity with Juv. R. 4 (A) and the holding in Agler, we are constrained to reverse the judgment of the court and remand the matter for further proceedings.
Judgment reversed and case remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and PATRICIA A. BLACKMON, J,CONCUR.
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (a).